CHARLEY BROWN v. STATE.

154 So. 832.
Opinion Filed April 25, 1934.
Petition for Rehearing Denied May 30, 1934.

*Oxford & Cutts,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—The plaintiff in error was convicted of the crime of manslaughter under an indictment charging him with the offense of murder in the first degree.

A careful consideration of the record in the light of briefs filed and the argument of counsel fails to disclose reversible error.

It appears that no good purpose can be served by a discussion of the assignments of error, which are twenty in number. To point out why each assignment of error is not well taken would be only to repeat and reaffirm principles of law which have heretofore been clearly enunciated by the Court.

Therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J., dissents.

DAVIS, C. J. (dissenting).—Charley Brown and George Brown were jointly indicted for murder in the first degree. On a trial of the two defendants jointly, the jury acquitted George Brown but disagreed as to the guilt or innocence of Charley Brown. Afterward Charley Brown was placed on trial, and from a verdict and judgment finding him

guilty of manslaughter, this writ of error has been prosecuted.

I think that the ends of justice demand a new trial in this case for the following reasons: One jury has already disagreed as to the guilt of Charley Brown. It is therefore obvious that the proof against him is not of that clear and convincing character which has been made the foundation for upholding many otherwise erroneous rulings on the ground that the admitted errors committed were "harmless." Therefore since error is shown the presumption must be that the error was harmful, not harmless. And certainly in cases of doubt, it is better to award a new trial than speculate on the supposed "harmlessness" of those prejudicial things done at a trial by prosecuting officers whose efforts are directed at the conviction of an accused. "Harmless" errors somehow or other often belie their name by contributing to verdicts of guilty rather than acquittal. Such is the situation here as I see it.

In the Alabama cases of Brock v. State, 26 So. 329 and Coppin v. State, 26 So. 333, it has been held to be error for the trial court to permit the prosecuting attorney in his argument to the jury to comment on the failure of the defendant to call as a witness one jointly indicted with him for the same offense. The only difference between the situation presented in this case and in the Alabama cases is that in this case George Brown, the co-defendant, had been acquitted of the joint charge at the time Charley Brown was placed on his second trial. Is there any logic in saying that on the first trial (which was a mistrial) that it would have been reversible error to have permitted the acting state's attorney to comment on Charley Brown's failure to call as his witness his co-defendant, George Brown, but that it was entirely proper for him to do so on the second trial?

My view is that it was harmful and prejudicial error in this case when the trial judge permitted the acting State's Attorney to argue to the jury that the defendant, Charley Brown, should have put up as his witness his acquitted co-defendant, George Brown. Especially was this so when the defendant, Charley Brown, had produced no other witnesses than himself in his own behalf. I think it would have been error even had the defendant produced witnesses in addition to his own testimony, and I give as my authority, the Alabama cases just cited. At any rate, the spirit of the statute prohibiting prosecuting attorneys from commenting on failure of accused to testify should not be frittered away by allowing comment on his failure to call a co-defendant as a witness in his own behalf to support his testimony. It was the duty of the prosecution, not the defendant, to offer the acquitted co-defendant as a witness. Or if the State did not wish to produce him, it could have asked the court to have called him as a court witness, if it deemed his testimony material on any point.

I think the judgment should be reversed on the point indicated.